## McKENZIE v STATE

Ohio Appeals, 4th Dist, Meigs Co

Decided April 22, 1932

Ralston Russell for plaintiff in error.
Cedric W. Clark, Prosecuting Attorney, Pomeroy, for defendant in error.

## BY THE COURT

The first ground which is seriously contended is that the state failed to prove beyond a reasonable doubt that the plaintiff in error was operating a motor vehicle; second, that the state failed to prove beyond a reasonable doubt that the plaintiff in error was in a state of intoxication and under the influence of alcohol.

Facts in a criminal case can be established by either direct or circumstantial evidence or both. As to the first proposition the state offered the testimony of Sarah Hamm who stated that she saw the accused run into a number of people on West Main Street near Upper Monkey Run; that she saw him run on the sidewalk and knock the people off the walk and that he was driving fast. This was direct evidence that he was operating the motor vehicle.

As to the second proposition that he was operating the motor vehicle while in a state of intoxication and under the influence of alcohol both the sheriff and Mr. Hartley, a newspaper man, testified that they saw the plaintiff in error immediately after the accident and that he was intoxicated. This was direct, positive proof of his intoxication.

Numerous other witnesses testified in the case, which testimony reflected on the defendant operating the automobile and also on the question as to whether or not he was intoxicated and gave both direct and circumstantial evidence. This evidence, to say the least, raised an inference against the defendant. It is true that several witnesses were offered in behalf of the defendant, but the most effective way for the defendant to have removed the inference against him would have been to testify in his own behalf and deny the charge against him. This he did not do. The jury, having the right to pass upon the weight of the evidence and the credibility of the witnesses, found that he was guilty as charged in the indictment. The facts in this case were peculiarly within the province of the jury to determine. A reviewing court would not be justified in setting aside the verdict merely because there is a conflict in the evidence. We think the jury returned a proper verdict.

There is no error apparent on the face of the record and the judgment is affirmed.

MAUCK, PJ, MIDDLETON and BLOSSER, JJ, concur.